■ MEAOTT CONSTRUCTION CORP., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 63253.) — Judgment reversed, on the law and facts, without costs, and claim dismissed. Memorandum: The State of New York appeals from a judgment awarding damages to the claimant for additional cost incurred in rehabilitating a culvert for the State. The contract for the work required the claimant to remove debris from the barrel of the culvert and to install a steel liner plate. The plans prepared by the State gave the dimensions

of the barrel and the claimant relied upon those dimensions when it ordered the liner. When the liner arrived, the claimant discovered that the dimensions given on the plans were inaccurate, and due to the irregular surface of the interior of the barrel, the liner would not fit. As a result, the claimant had to purchase another liner and received no credit for the first liner. We conclude that the claimant acted at its peril when it relied upon the plans and failed to take its own measurements before it ordered the liner. The contract documents clearly warned the contractor that the "dimensions given are as shown on old contract plans and on as-built drawings. The contractor shall be responsible to make his own measurements of these dimensions as he deems necessary to insure proper fits". Also by the terms of the contract, the claimant agreed "that before making his proposal he carefully examined * * * the site of the proposed work * * * and that his information was secured by personal investigation and not from the estimates or records of the Department, and that he will make no claim against the State by reason of estimates, tests or representations of any officer or agent of the State." In granting judgment for the claimant, the court relied upon the rule of law that clauses in the contract requiring the contractor to make his own inspection of the site and relieving the State from liability for misrepresentation of existing conditions, are ineffective where the inspection would have been unavailing to reveal the true conditions (*Foundation Co. v State of New York*, 233 NY 177, 184-185; *Grow Constr. Co. v State of New York*, 56 AD2d 95, 98). An employee of the claimant testified that he visited the site before submitting the bid, but he could not inspect the barrel because of water and debris inside. The claimant's damages, however, did not result from its inability to inspect the barrel before it submitted its bid; its damages resulted when it ordered the steel liner without making its own measurements "to insure proper fits" as required by the contract. On this record, the claimant has failed to meet its burden of proof by showing that it could not have inspected and measured the barrel of the culvert after the contract was awarded and before it ordered the liner. Accordingly, the judgment is reversed and the claim dismissed. All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). I vote to affirm for the reasons set forth in the memorandum decision at the Court of Claims, Quigley, J. It is a fundamental rule that a verdict will not be set aside if its conclusion could have been reached by any fair interpretation of the evidence. The majority recognize that any inspection made by claimant to verify dimensions would have been unavailing to reveal the incorrectness of the representations made in the State plans. They conclude that "the claimant has failed to meet its burden of proof by showing that it could not have inspected and measured the barrel of the culvert after the contract was awarded and before it ordered the liner." I submit that this conclusion is incorrect as it either overlooks or ignores significant proof. The record reveals that a new liner was not absolutely necessary; the protruding stone could have been chipped away to accommodate the original liner. There is proof in the record to show that as a result of a meeting between the claimant and State officials, the State requested that claimant order a new liner. In its decision, the trial court stated that it "reviewed the evidence presented herein and at the trial observed the manner and demeanor of all the witnesses." The necessity of a new liner and whether or not it was required or authorized by the State was an issue determined by the court below. This court should not substitute its judgment for that of the Trial Judge who presided at this trial and who properly awarded claimant damages for this extra. (Appeal from judgment of Court of Claims, Quigley, J. — breach of contract.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.